IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**UNITED STATES OF AMERICA,**

    Plaintiff,

vs.                                                       Case No. 4:15cv98-RH/CAS

**EMMETT MAXWELL CAMPBELL, JR.,**
a/k/a **MAX CAMPBELL, JR.,**

    Defendant.

    _____/

## REPORT AND RECOMMENDATION

Defendant, proceeding pro se, has submitted a motion to dismiss, doc. 18, which, construed liberally, challenges this Court's jurisdiction. Defendant asserts he is a sovereign American citizen and contends "this matter must be dismissed for lack of political, personam, and subject matter jurisdiction," and also raises venue and the Eleventh Amendment. *Id.* at 2. The United States requests that the motion to dismiss be denied. Doc. 20 at 1.

The United States initiated this case to reduce to judgment unpaid federal income tax liabilities assessed against Defendant and to collect the unpaid taxes by foreclosing federal tax liens on certain real property owned by the Defendant. Doc. 1.

Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)[1] and § 1396[2] because the real property which is at issue is located in Wakulla County, Florida.  *See* doc. 19.  Defendant does not have Eleventh Amendment[3] immunity because he is a citizen, not a state.  "Claims that individuals are not citizens of the United States, but are solely citizens of a sovereign state and not subject to federal taxation, have been uniformly rejected by the courts."  Corley v. Oates, No. CIV.A. 05-0008-CG-L, 2005 WL 1221866, at *1 (S.D. Ala. Apr. 12, 2005) (citing United States v. Ward, 833 F.2d 1538, 1539 (11th Cir. 1987), *cert. denied*, 108 S.Ct. 1576 (1988) (finding argument that Ward was not an "individual" within the terms of the Internal Revenue Code to be a "twisted conclusion by misinterpreting a portion of the Income Tax Code" and all other arguments "to be utterly without merit"); United States v. Sloan, 939 F.2d 499, 500 (7th Cir. 1991), *cert. denied*, 112 S.Ct. 940, *reh'g denied*, 112 S.Ct. 1518 (1992) (rejecting Sloan's argument that the federal tax laws did not apply to him because he was a freeborn, natural individual, a

---

[1] One provision of that statute directs that a civil action may be brought in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated."  28 U.S.C. § 1391(b)(2).  Another applicable provision permits an action to be brought in "a judicial district in which any defendant resides", 28 U.S.C. § 1391(b)(1), and Defendant's address of record is in Sopchoppy, Florida, although he has been using a temporary mailing address in Cordele, Georgia.  *See* doc. 18 at 12.

[2] Section 1396 states: "Any civil action for the collection of internal revenue taxes may be brought in the district where the liability for such tax accrues, in the district of the taxpayer's residence, or in the district where the return was filed." 28 U.S.C. § 1396.

[3] The Eleventh Amendment of the United States Constitution provides: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."  U.S. Const. amend. XI.

citizen of the State of Indiana, and a master not servant of his government.); United States v. Gerads, 999 F.2d 1255, 1256 (8th Cir. 1993) (rejecting Gerads' contention that they were not citizens of the United States, but rather Free Citizens of the Republic of Minnesota and, consequently, not subject to taxation)).  Defendant has no immunity under the Eleventh Amendment as a sovereign citizen.

Additionally, this Court has subject matter jurisdiction over this case pursuant to § 1346 which provides: "Except as otherwise provided by Act of Congress, the district courts shall have original jurisdiction of all civil actions, suits or proceedings commenced by the United States, or by any agency or officer thereof expressly authorized to sue by Act of Congress."  28 U.S.C. § 1345.  Pursuant to 26 U.S.C. §§ 6321[4] and 6322,[5] when a taxpayer refuses to pay an assessed federal income tax liability, a federal tax lien arises on the date of assessment and immediately attaches to all property and rights to property belonging to that taxpayer.  The United States is then permitted to foreclose its tax lien by establishing its lien and requiring the property be sold to pay the tax liability.  26 U.S.C. § 7403.[6]

---

[4] Section 6321 provides: "If any person liable to pay any tax neglects or refuses to pay the same after demand, the amount (including any interest, additional amount, addition to tax, or assessable penalty, together with any costs that may accrue in addition thereto) shall be a lien in favor of the United States upon all property and rights to property, whether real or personal, belonging to such person."  26 U.S.C. § 6321.

[5] Section 6322 provides that "the lien imposed by section 6321 shall arise at the time the assessment is made and shall continue until the liability for the amount so assessed (or a judgment against the taxpayer arising out of such liability) is satisfied or becomes unenforceable by reason of lapse of time."  26 U.S.C. § 6322.

[6] In relevant part, that statute directs that "where there has been a refusal or neglect to pay any tax, or to discharge any liability in respect thereof, . . . the Attorney

Because the United States has authority to foreclose on a tax lien by filing an action in this Court, and this Court has been granted jurisdiction to decide such a case, Defendant's motion to dismiss, doc. 18, is frivolous and should be **DENIED**.

Accordingly, it is respectfully **RECOMMENDED** that Defendant's motion to dismiss, doc. 18, be **DENIED** and this case remanded for further proceedings.

**IN CHAMBERS** at Tallahassee, Florida, on September 28, 2015.

 S/   Charles A. Stampelos
**CHARLES A. STAMPELOS
UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**

---

General or his delegate, at the request of the Secretary, may direct a civil action to be filed in a district court of the United States to enforce the lien of the United States under this title with respect to such tax or liability or to subject any property, of whatever nature, of the delinquent, or in which he has any right, title, or interest, to the payment of such tax or liability." 26 U.S.C. § 7403(a).