IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                                  Case No. 4:15cv98-RH/CAS

EMMETT MAXWELL CAMPBELL, JR.,
a/k/a MAX CAMPBELL, JR.,

    Defendant.

_____/

## THIRD REPORT AND RECOMMENDATION

On March 28, 2016, the motion for summary judgment filed by the United States,[1] ECF No. 20, was granted. ECF No. 53. Plaintiff was directed to submit a proposed form of foreclosure judgment. *Id.*

Defendant Emmett Maxwell Campbell, Jr., has now filed a motion to alter or amend the March 28, 2016, Order, which Defendant contends was improperly entered because this Court lacks subject matter jurisdiction

---

[1] This case was initiated to reduce to judgment unpaid federal income tax liabilities which were assessed against Defendant Emmett Maxwell Campbell, Jr.

over this action. ECF No. 54. Defendant's redundant motion is another effort to challenge this Court's jurisdiction. His prior efforts (ECF Nos. 18, 22, 23, 27, 31, 42, 43) have been rejected. ECF No. 32. The instant motion, ECF No. 54, should be denied for the same reasons previously explained. *See* ECF Nos. 26, 32, 50, and 53.

On the same day Defendant filed the motion to alter or amend, ECF No. 54, he filed a second motion to alter or amend. ECF No. 55. The arguments presented there are redundant to the degree Defendant against this Court lacks subject matter jurisdiction, and frivolous as to the argument that Plaintiff violated the doctrine of judicial estoppel.[2] The motion should be denied.

Defendant also filed yet another motion to determine the subject matter jurisdiction of this Court. ECF No. 56. That motion should be denied for the reasons previously explained. ECF Nos. 26, 32, 50, and 53.

---

[2] It is also redundant to argument previously raised in Defendant's objections, ECF No. 52, and rejected. ECF No. 53.

Similarly, Defendant's motion to void the Order, ECF No. 53, which again challenges this Court's subject matter jurisdiction, ECF No. 57, should be denied. The arguments have previously been considered and rejected.

Pursuant to Article I of the United State Constitution, Congress has authority to tax the income of individuals and collect those taxes. If an individual fails to submit his assessed tax liability, federal law provides that a tax lien attaches to all property belonging to that person. The United States may then foreclose that lien and sell the property to pay the tax liability. If the payment of federal income tax were voluntary, it is doubtful anyone would volunteer. If the failure to pay had no legal consequences, no one would pay. Defendant's redundant efforts to avoid those consequences must come to an end. Plaintiff should be required to submit the proposed form of foreclosure judgment within 30 days.

Accordingly, it is respectfully **RECOMMENDED** that all four of Defendants' recent motions, ECF Nos. 54-57, be **DENIED** and Plaintiff

should be required to submit a proposed form of foreclosure judgment within 30 days.

**IN CHAMBERS** at Tallahassee, Florida, on April 27, 2016.

　　　　　　　　　　　S/    Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**